The **MIHALEK CORPORATION** and
**Lawrence Patrick Mihalek,**
**Plaintiffs,**

**v.**

The **STATE OF MICHIGAN,** Governor
**James J. Blanchard, the Department of**
**Commerce of the State of Michigan,**
**Ralph J. Gerson, Director, Defendants.**

Civ. A. No. 84–CV–7202–AA.

United States District Court,
E.D. Michigan, S.D.

Oct. 12, 1984.

Thomas A. Hallin, Harry G. Iwasko, Jr., Philip J. Smith, Asst. Atty. Gen., Lansing, Mich., for Plaintiffs.

James M. Deimen, Ann Arbor, Mich., Richard A. Heikkinen, The Heikkinen Law Firm, P.C., Howell, Mich., for Defendants.

## MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

This case is before the court on defendants' motion to dismiss or in the alternative, for change in venue. For reasons stated herein, the motion to dismiss is granted in part, and the motion for change of venue is denied.

In brief summary, the action is one for infringement of copyright, violation of trademark, and violation of constitutional rights brought pursuant to 42 U.S.C. § 1983, along with a pendent state claim for unfair competition and misappropriation of work product. Plaintiff[1] was the registered holder of certain copyrighted materials, which are collectively described as the "Michigan is Good News" campaign. Plaintiff alleges that he entered into agreements with agents of the state of Michigan for creation of these materials. He showed the materials to these people while the work was in progress, and the agents allegedly appropriated the designs for their own use, incorporating them into the "Say Yes to Michigan" and "Yes M!ch!gan" campaigns, which are well known promotional operations designed to encourage investment and travel in this state. Plaintiff alleges that he was never paid for his efforts in developing the designs, and that the wrongful appropriation of the designs supports the various causes of action alleged in the complaint, which seeks money damages and injunctive relief.

---

1. The complaint alleges that the copyrights are currently held by the corporate plaintiff, of which the individual plaintiff is apparently the sole shareholder. For purposes of this opinion, the term "plaintiff" will be used to designate both plaintiffs.

The defendants in this action are the State of Michigan, the Department of Commerce of the State, James Blanchard, the Governor, and Ralph Gerson, the Director of the Department of Commerce.

DISCUSSION

*Motion to Dismiss*

All defendants have moved to dismiss the complaint, arguing that, despite the presence of individual state officials as parties defendant, the action is one against the state, and therefore barred by the eleventh amendment. Plaintiff has responded to this motion with the argument that the eleventh amendment does not bar an action against the state and state officials for infringement of copyright, relying exclusively on *Mills Music v. State of Arizona,* 591 F.2d 1278 (9th Cir.1979). The court in *Mills Music* did expressly hold that, by enacting the Copyright Act, 17 U.S.C. § 1 *et seq.* pursuant to the authority granted to it by the Copyright and Patent Clause of the United States Constitution, Art. 1, § 8, Cl. 8, Congress has specifically authorized private actions against a class of defendants that includes states, and thereby abroggated the states' eleventh amendment immunity, *id.* at 1284–85.

■■■ With the exception of *Wihtol v. Crow,* 309 F.2d 777 (8th Cir.1962), which simply held without discussion that the eleventh amendment barred an action against a local school district, as an instrumentality of the state, for copyright infringement, *Mills Music* appears to be the only case directly on point. Although the opinion reflects a thorough and thoughtful discussion of recent eleventh amendment jurisprudence, this court is compelled to conclude that *Mills Music* was decided incorrectly, insofar as it held that an action for damages could be maintained against a state for infringement.

In *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974), the Supreme Court held that the eleventh amendment barred an action against a state for recovery of benefits to which the plaintiffs were entitled under the Aid to Aged, Blind, and Disabled program, established by the Social Security Act. The Court concluded that, insofar as the District Court had ordered the Director of the Department of Public Aid of Illinois to make payments to the plaintiffs on the basis of benefits wrongfully denied prior to the entry of the decree by the District Court, that order constituted a form of "retroactive relief" that was barred by the eleventh amendment. The Court distinguished between this kind of retroactive relief, which was analogous to an award of money damages for injuries sustained prior to entry of the judgment, and "prospective relief" in the form of an injunction, requiring the defendant to conform its future conduct to legal requirements, *id.* at 678, 94 S.Ct. at 1363. The Court thereby reconciled the historic opinion of *Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), in which it held that an action for equitable relief, brought under 42 U.S.C. § 1983, charging a state official with unconstitutional conduct in the exercise of his official duties, was not barred by the eleventh amendment, with *Ford Motor Co. v. Department of Treasury,* 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389 (1945), in which it held that an action for recovery of damages from a state official, in which judgment would have to be paid from the state treasury, was subject to the sovereign immunity defense established by the amendment.

The holding in *Edelman* was subsequently reaffirmed in *Quern v. Jordan,* 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979), which arose from the same action as *Edelman.* The *Quern* Court concluded that cases decided subsequent to *Edelman,* particularly *Hutto v. Finney* 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978) and *Monell v. New York Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), did not undermine in any way *Edelman's* conclusion that enactment of the Civil Rights Act of 1871, currently codified in 42 U.S.C. § 1983, did not abrogate the states' sovereign immunity under the eleventh amendment, *Quern, supra,* 440 U.S. at 339–41, 99 S.Ct. at 1144–45.

Although neither *Edelman* nor *Quern* dealt with the precise issue presented in this motion to dismiss and answered in the affirmative by the *Mills Music* court, that is, did enactment of the Copyright Act abrogate the eleventh amendment immunity of the states, this court concludes that those opinions from the Supreme Court compel a different result from that reached in *Mills Music.* Although the federal interest in patent and copyright law is expressly declared in the body of the constitution itself, it is the Copyright Act which establishes the substantive legal right to be free from infringement which is the basis for the relief sought in this case by plaintiff. As such, the right to be free from infringement, although a substantial one guaranteed by federal law, is deserving of no more protection than is the right to benefits for the aged, blind, and disabled, which rights were also expressly established by act of Congress. Despite the existence of a Congressional guaranty to these benefits, the Supreme Court concluded that a federal court is without jurisdiction, by operation of the eleventh amendment, to impose an award of damages against a state, or against its agents when the award would compel an invasion of the coffers of the state, for violation of federal law.

■■■ This court holds that all defendants in this action are entitled to immunity under the eleventh amendment from plaintiff's prayer for money damages under each of his four theories of liability. Further, the recent decision of *Pennhurst State School v. Halderman,* —— U.S. ——, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984), makes clear that the eleventh amendment also prohibits federal courts from awarding injunctive relief against state officials for claims predicated upon state law. Insofar as plaintiff's claim for disclosure of trade secrets, unfair competition, and misappropriation of word product is grounded upon state statutory or common law, that claim can not support an action for injunctive relief against these defendants under the reasoning of *Pennhurst.* To the extent that plaintiff is seeking injunctive relief against future violations of his federally

protected rights, by the individual defendants, the eleventh amendment offers no protection to the individual defendants, *Ex Parte Young, supra.* The State itself, and the Department of Treasury, are immune from suit altogether, however, *Hans v. Louisiana,* 134 U.S. 1, 10 S.Ct. 504, 33 L.Ed. 842 (1890), *Employees v. Department of Public Health and Welfare,* 411 U.S. 279, 93 S.Ct. 1614, 36 L.Ed.2d 251 (1973).

## Motion for Change of Venue

Venue in this case is predicated upon the Patents and Copyright Venue statute, 28 U.S.C. § 1400, with respect to the copyright claims, and upon the general venue provision, 28 U.S.C. 1391(b) with respect to the other claims. Defendants urge that venue does not properly lie in this court with respect to the instant claims under either statute.

Section 1391(b) of Title 28 provides as follows:

(b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law.

■■■ Defendants accurately assert that venue of an action against public officials under this statute is properly laid in the judicial district in which the official maintains his official residence, *O'Neill v. Battisti,* 472 F.2d 789 (6th Cir.1972). The individual defendants in this action, Governor Blanchard and Secretary of Treasury Gerson, maintain their official residences in Lansing, Michigan, which is located in the Western District of Michigan. This court therefore lacks venue for the trademark infringement and § 1983 claims against those defendants.

Section § 1400(a) of Title 28 provides as follows:

(a) Civil actions, suits, or proceedings arising under any Act of Congress relating to copyrights may be instituted in the

district in which the defendant or his agent resides or may be found.

This subsection provides a less restrictive venue standard than does either § 1391 or subsection (b) of § 1400, *Time Incorporated v. Manning*, 366 F.2d 690, 697 (5th Cir.1966).

Plaintiff argues that the State of Michigan maintains a liquor store in Ann Arbor, and that, because this agent is "found" in this district, venue is properly laid here under § 1400(b). Defendant contends, without citation to authority, that plaintiff's position is preposterous on its face, because the existence of a state-operated liquor store in this district should not be sufficient to vest this court with venue.

 The court has conducted its own research into this matter, and finds nothing on point. The general rule of construction of § 1400(a) is that a defendant or his agent "may be found" in any district in which he is amenable to personal jurisdiction, or wherever he may validly be served with process, *see Micromanipulator Co., Inc. v. Bough*, 558 F.Supp. 36, 37 (D.Nev. 1982); *Donner v. Tams-Witmark Music Library*, 480 F.Supp. 1229, 1234 (E.D.Pa. 1979).

The court concludes that venue is properly laid in this district, but not for the reasons set forth by plaintiff. The individual defendants, the Governor and the Secretary of Commerce, are amenable to personal jurisdiction throughout this state, including the area comprised by the Eastern District of this state, *see* Michigan GCR 105.9 and RJA § 701 [M.C.L.A. § 600.701] (personal jurisdiction over individuals). Further, the Department of Commerce may be sued in this district for the same reasons. This result is especially appropriate in this case, because the acts which constituted the alleged infringement of plaintiffs' copyrights occurred throughout the state, including this district. Further, because venue is proper in this court with respect to the copyright infringement claims, this court, in the interests of efficiency, will retain the trademark infringement and constitutional claims, insofar as they seek in-junctive relief, even though those claims, had they been brought without the copyright claim, would not have been sufficient to vest this court with venue against these defendants, *see Carolyn Chenilles, Inc. v. Ostow & Jacobs, Inc.*, 168 F.Supp. 894 (S.D. N.Y.1958).

For the foregoing reasons the motion for change of venue is denied.

SO ORDERED.