David L. JOHNSON, Plaintiff,

v.

UNIVERSITY OF VIRGINIA, et al., Defendants.

Civ. A. No. 84–0036–C.

United States District Court,
Virginia,
Charlottesville Division.

March 27, 1985.

John Di Joseph, Arlington, Va., for plaintiff.

John Gibney, Alexander Wellford, David Kohler, Richmond, Va., for defendants.

## MEMORANDUM OPINION

MICHAEL, District Judge.

This matter is before the court on defendants' motions to dismiss and motions for summary judgment. Plaintiff has alleged that defendants, the University of Virginia and two of its employees, infringed on plaintiff's copyrights for certain photographs taken at University of Virginia sporting events. Plaintiff has also alleged that defendants lost certain of plaintiff's photographic slides. In response to plaintiff's allegations, defendants argue that plaintiff's copyright claim is barred by the Eleventh Amendment of the United States Constitution, and plaintiff's pendent state claim for the lost photographic slides should be dismissed for lack of jurisdiction. Defendants also argue that plaintiff's claim for statutory damages and attorney's fees in connection with the alleged copyright infringement should be dismissed because plaintiff has not made the requisite showing for such damages and fees. The parties have submitted briefs and presented oral argument on these issues; therefore, defendants' motions are ripe for resolution by the court.

 Defendants' Eleventh Amendment argument is premised on the principle that a claim seeking to impose a liability that must be paid out of a state's treasury is generally barred by the Eleventh Amendment. *See, e.g., Herer v. Burns,* 577 F.Supp. 762, 763 (W.D.Va.1984). The court agrees with defendants that plaintiff's copyright infringement claim derivatively is against the Commonwealth of Virginia, and thus seeks to impose a liability to be paid out of the Commonwealth's treasury. In addition, the court agrees with defendants that any Eleventh Amendment immunity enjoyed here by the Commonwealth would be shared by defendants. Nevertheless, the court believes that the Eleventh Amendment provides no immunity in this case because that immunity was waived by the Copyright Acts of 1909 and 1976.

The parties have noted the split of authority on whether the Copyright Act of 1909 waived the states' Eleventh Amendment immunity from copyright infringement actions. *Wihtol v. Crow,* 309 F.2d 777 (8th Cir.1962) (holding that the states'

Eleventh Amendment immunity was not waived by the 1909 Act); *Mills Music, Inc. v. Arizona*, 591 F.2d 1278 (9th Cir.1979) (holding that the states' Eleventh Amendment immunity was waived by the 1909 Act). The court is aware of no decisions from any of the other Circuit Courts of Appeals, or from the United States Supreme Court, concerning the effect of the 1909 Act of states' Eleventh Amendment immunity. Similarly, the court is aware of no decisions from the United States Supreme Court or any of the Circuit Courts of Appeals concerning the effect of the Copyright Act of 1976 on the states' Eleventh Amendment immunity.

After carefully reviewing *Wihtol* and *Mills Music*, along with the parties' arguments on those cases, the court concludes that *Mills Music* contains a more well-reasoned and thorough analysis of the Eleventh Amendment and the 1909 Act's effect on the states' Eleventh Amendment immunity. Indeed, *Wihtol* provides little more than a conclusory statement that the Eleventh Amendment bars suits against the states, their instrumentalities, and their agents acting within the scope of their employment. 309 F.2d at 781–782.[1] By contrast, *Mills Music* includes a thoughtful examination of the 1909 Act and the recent Supreme Court opinions concerning the Eleventh Amendment, particularly *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347,

39 L.Ed.2d 662 (1974) (holding that a waiver of the states' Eleventh Amendment immunity must be explicit or overwhelmingly apparent).

Cognizant of the holding in *Edelman*, the *Mills Music* court determined that in enacting the 1909 Act, Congress had authorized copyright infringement suits against the states. The *Mills Music* court based that determination in large part on the following language from the 1909 Act:

> If *any person* shall infringe the copyright in any work protected under the copyright laws of the United States such person shall be liable ... [t]o pay to the copyright proprietor such damages as the copyright proprietor may have suffered due to the infringement, as well as all the profits which the infringer shall have made from such infringement.

17 U.S.C. § 101 (emphasis supplied in *Mills Music* opinion). According to the *Mills Music* court, Congress' use of the above-quoted "sweeping language" without limitation was a sufficient indication of congressional intent to include states within the class of defendants liable for damages and equitable relief in copyright infringement actions. 591 F.2d at 1285.[2]

Since *Mills Music* is a thorough and well-reasoned opinion, this court concludes with the *Mills Music* court that the 1909 Act waived the states' Eleventh Amendment

---

1. The court notes that the *Wihtol* court left no doubt that it was reluctant to find a copyright infringement on the facts of the case. According to that court, it was faced by a "troublesome case growing out of the unfortunate but unintentional and seemingly harmless mistake of [defendant]." 309 F.2d at 780. Defendant was a junior college and high school music instructor who had adapted plaintiff's copyrighted musical composition so it could be performed by a school choral group. Apparently, defendant, the choral group, and the school system received no money from the choral group's performance of the musical composition.

 Following its characterization of the case as "troublesome," the *Wihtol* court stated, "We have, however, reluctantly concluded that, under the language of the Copyright Act [defendant's] copying must be held to have infringed both of the copyrights of the plaintiff." *Id.* at 781. The court then held that the Eleventh Amendment barred the suit because defendant

was an agent of the state acting within the scope of his employment. *Id.* at 781–82.

It is difficult to know exactly why the *Wihtol* court was reluctant to find a copyright infringement on the facts of the case. Nevertheless, it is clear that those facts did not present a compelling case for addressing the issue of whether the states' Eleventh Amendment immunity was waived by the 1909 Act.

2. As an additional basis for its determination that Congress intended to make states subject to copyright infringement actions, the *Mills Music* court noted that the resulting fiscal burden to states would be minimal because states would infrequently engage in ownership or infringement of copyrights. 591 F.2d at 1285. Given the paucity of case law concerning the issue of the states' liability for copyright infringement, the *Mills Music* court's prediction seems to have been quite accurate to date.

immunity to copyright infringement actions. Nevertheless, that conclusion does not end the inquiry here because the present action is brought under the Copyright Act of 1976.

The 1976 Act does not contain the same language quoted above from 17 U.S.C. § 101, on which the *Mills Music* court relied. However, the parallel provision in the 1976 Act, 17 U.S.C. § 501, contains the following language:

> *Anyone* who violates any of the exclusive rights of the copyright owner as provided by sections 106 through 118, or who imports copies or phonorecords into the United States in violation of section 602, is an infringer of the copyright.

17 U.S.C. § 501(a) (emphasis supplied).

■ Based on a comparison of the language in these parallel provisions, the court believes that the *Mills Music* court's analysis of the 1909 Act is equally compelling, if not more compelling with respect to the 1976 Act. Whereas the 1909 Act prohibited "any person" from infringing on a copyright, the 1976 Act prohibits "anyone" from so doing. Thus, the language of the 1976 Act is at least as sweeping, and probably more sweeping, than the language of the 1909 Act in identifying the class of defendants subject to copyright infringement suits. Therefore, based on the *Mills Music* analysis of the 1909 Act, and this court's examination of the operative language of the 1976 Act, the court determines that the 1976 Act waived the states' Eleventh Amendment immunity from liability for damages and equitable relief for copyright infringements. As such, the court denies defendants' motions insofar as they rely on the Eleventh Amendment as grounds for dismissing or entering summary judgment on plaintiff's copyright infringement claim.

■ Aside from the Eleventh Amendment argument, defendants argue that plaintiff's pendent state claim for the lost photographic slides must be dismissed because that claim and plaintiff's copyright infringement claim do not "derive from a common nucleus of operative fact" and are not so closely related that ordinarily plaintiff would "be expected to try them [both] in one judicial proceeding." *UMW v. Gibbs,* 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966). In opposition, plaintiff contends that the two claims should be tried together because defendants' loss of the photographic slides was related to, and caused by defendants' infringing on plaintiff's copyrights through widespread distribution of the photographic slides.

The court recognizes the possibility of some connection between the loss of plaintiff's photographic slides and defendants' alleged copyright infringement. Nevertheless, the possibility of such a connection does not establish the kind of nexus between the plaintiff's federal and state claims which would satisfy the above-mentioned standard for pendent jurisdiction announced in *Gibbs*. Consequently, the court grants defendants' motions insofar as they request the dismissal of plaintiff's state claim for the loss of the photographic slides.

■ Finally, defendants argue that plaintiff's request for statutory damages and attorney's fees in connection with his copyright infringement claim is barred by the express language of 17 U.S.C. § 412, which states:

> In any action under this title, other than an action instituted under section 411(b), no award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for—
>
> (1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or
>
> (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work.

Defendants note that the photographs at issue here were not registered until March 12, 1984, and defendants' affidavits show that their allegedly unauthorized first use of those photographs occurred no later than January 1984. Furthermore, defendants point out that plaintiff's complaint shows that the most recent date of first publication listed for any of plaintiff's photographs is September 2, 1983. Thus, defendants argue that plaintiff is not entitled to statutory damages or attorney's fees because the allegedly infringing uses commenced prior to registration, which registration was not made during the three-month grace period provided in § 412(2).

Plaintiff does not dispute that his registration occurred after the three-month grace period. Furthermore, plaintiff agrees with defendants that § 412 bars statutory damages and attorney's fees for infringements occurring prior to registration. Nevertheless, plaintiff argues that his claim for statutory damages and attorney's fees is not barred by § 412 because defendants have committed infringements following registration. The court notes, however, that the alleged post-registration infringements involve only photographs which were first used by defendants prior to registration. Consequently, those alleged post-registration infringements "commenced" prior to registration, and thus pursuant to § 412, they provide no basis for allowing statutory damages or attorney's fees.

Plaintiff seeks to escape the bar of § 412 by arguing that a copyright infringement "commenced" within the meaning of § 412 each time defendants used any of plaintiff's photographs. The court believes that ascribing such a meaning to the term "commenced" would totally emasculate § 412. Therefore, the court rejects plaintiff's arguments, and grants defendants' motions insofar as they request that plaintiff's claim for statutory damages and attorney's fees be denied.

An appropriate Order shall this day enter.