### RICHARD ANDERSON PHOTOGRAPHY, Plaintiff,

### v.

### RADFORD UNIVERSITY, et al, Defendants.

### Civ. A. No. 85–0373–R.

United States District Court, W.D. Virginia, Roanoke Division.

April 23, 1986.

---

John M. DiJoseph, Arlington, Va., for plaintiff.

Joan W. Murphy, Asst. Atty. Gen., Richmond, Va., for defendants.

## MEMORANDUM OPINION

KISER, District Judge.

At issue in this copyright infringement action is whether the Commonwealth of Virginia has waived its Eleventh Amendment immunity. I hold that it has not.

### I. *Facts*

Plaintiff Richard Anderson Photography (Anderson) has brought this copyright infringement action pursuant to the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.*, against Radford University, an educational institution of the Commonwealth of Virginia, the Visitors of Radford University, and Radford's Director of Public Relations and Information, Deborah L. Brown. In 1981, Radford entered into a contract with the

North Charles Street Design Organization (NCSDO) of Baltimore, Maryland to produce a student prospectus. NCSDO retained Anderson, pursuant to the terms of the contract with Radford, to take photographs to be used in the 1982 student prospectus.[1] Plaintiff Anderson completed the work and the student prospectus was published. He subsequently obtained copyrights for the photographs used in this publication.

The Plaintiff alleges that the Defendants have infringed the copyrights in these photographs by using them, without authorization, in publications other than the 1982 student prospectus.[2] In the initial complaint, Anderson sought injunctive relief as well as damages. Since Anderson filed the complaint, however, Radford has returned the photographs to Anderson's possession, and Anderson has dropped his request for injunctive relief.

The Defendants have filed a motion to dismiss based on the Eleventh Amendment of the United States Constitution alleging that they are immune from liability in suits seeking damages.

## II. *Discussion*

The Eleventh Amendment affords immunity to the States from suits brought against them in federal court.[3] In particular, the Eleventh Amendment bars suits in federal court by private parties seeking to impose a liability which must be paid from public funds out of the state treasury. *Edelman v. Jordan,* 415 U.S. 651, 663, 94

S.Ct. 1347, 1355, 39 L.Ed.2d 662 (1974). The immunity States and their officers enjoy from suit in federal court is not absolute, however. For example, the Eleventh Amendment does not bar prospective injunctive relief in federal courts against state officials. *Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908).[4]

The Eleventh Amendment also does not bar suits against the States when a State has waived its Eleventh Amendment immunity, or if Congress, acting pursuant to Section Five of the Fourteenth Amendment, has abrogated the States' Eleventh Amendment immunity, which may be done without the States' consent. *Atascadero State Hospital v. Scanlon,* —— U.S. ——, 105 S.Ct. 3142, 3145, 87 L.Ed.2d 171 (1985). Congress has the power to "abrogate" the States' Eleventh Amendment immunity without their consent because the Fourteenth Amendment is an inherent limitation on the States' power. *See, Fitzpatrick v. Bitzer,* 427 U.S. 445, 456, 96 S.Ct. 2666, 2671, 49 L.Ed.2d 614 (1976). For Congress to do so, however, it must make its intention "unmistakably clear in the language of the statute." *Atascadero,* 105 S.Ct. at 3147 (Congress' prohibition in the Rehabilitation Act of 1973 against discrimination against the handicapped by "any recipient[s]" of federal financial assistance did not abrogate the States' Eleventh Amendment immunity). *See also, Quern v. Jordan,* 440 U.S. 332, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979) (Congress did not abrogate the States' Eleventh Amendment immunity

---

1. Although I have assumed for the purposes of this Opinion that NCSDO acted as an agent of Radford University, I make no specific finding in this regard.

2. For example, the Plaintiff alleges that Radford unlawfully used his photographs in a brochure soliciting funds for the Radford Athletic Association and in a publication entitled "Radford Sports." The brochure was published approximately in August, 1983. The Plaintiff did not register his copyrights in the photographs until September 12, 1983. Section 412(2) of the Copyright Act, however, provides copyright owners with a three-month grace period in which to register their copyrights. Therefore, the Plaintiff has alleged a compensable copyright infringement claim at least as to publica-

tion of the Radford Athletic Association brochure. I shall not at this time, however, rule on Defendants' motion for summary judgment alleging that *all* of their purported infringements took place prior to the registration of the photographs.

3. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another state, or by Citizens or Subjects of any Foreign State."

4. Because the Plaintiff in this case seeks no injunctive relief, the doctrine of *Ex Parte Young* is inapplicable.

when it enacted 42 U.S.C. § 1983; *Fitzpatrick v. Bitzer,* 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976) (Title VII of the Civil Rights Act of 1964 abrogates the States' Eleventh Amendment immunity).

A State may effect a "waiver" of its Eleventh Amendment immunity either expressly or impliedly. Each situation requires "an unequivocal indication that the State intends to consent to federal jurisdiction that otherwise would be barred by the Eleventh Amendment." *Atascadero,* 105 S.Ct. at 3145 n. 1. As the Supreme Court reasserted in *Atascadero,* "[c]onstructive consent is not a doctrine commonly associated with the surrender of constitutional rights." *Id., quoting Edelman v. Jordan,* 415 U.S. 651, 673, 94 S.Ct. 1347, 1360, 39 L.Ed.2d 662 (1974).

A State may, for example, expressly waive its constitutional immunity by a state statute or constitutional provision. *Atascadero,* 105 S.Ct. at 3145 n. 1, 3147 (state constitutional provision providing that "[s]uits may be brought against the State in such manner and in such courts as shall be directed by law" did not specifically indicate the States' willingness to be sued in federal court).

Under limited circumstances, a State may also impliedly waive or "consent" to suit in federal court. *Compare Parden v. Terminal Railway Co.,* 377 U.S. 184, 84 S.Ct. 1207, 12 L.Ed.2d 233 (1964) (by operating a railroad in interstate commerce, Alabama consented to suit in federal court under the Federal Employers' Liability Act, 45 U.S.C. §§ 51–60) *with Atascadero* (by accepting federal funds under the Rehabilitation Act of 1973, 29 U.S.C. § 701, *et seq.,* and by participating in programs funded under the statute, California did not consent to suit in federal court)[5] *and Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974) (by participating in a matching funds program under the Social Security Act, 42 U.S.C. §§ 1381–85, Illinois did not waive its Eleventh Amendment immunity) *and Employees v. Missouri Public Health Department,* 411 U.S. 279, 93 S.Ct. 1614, 36 L.Ed.2d 251 (1973) [by engaging in the operation of hospitals and schools, Missouri did not consent to private suits in federal court under § 16(b) of the Fair Labor Standards Act of 1938, 29 U.S.C. § 216(b) ].[6]

Whether a State has impliedly waived its Eleventh Amendment immunity requires an additional determination to that of whether the State has "unequivocally indicated" its consent to suit in federal court. A court must also determine, as a threshold matter, whether Congress has authorized suits against "a class of defendants which literally includes States." *Edelman,* 415 U.S. at 672, 94 S.Ct. at 1360.[7] *Compare Edelman* (in this Social Security Act case, "the threshold fact of congressional authorization to sue a class of defendants which literally includes States is wholly absent") *with Parden* (when Congress en-

---

**5.** The Rehabilitation Act of 1973 was passed pursuant to Congress' powers under section five of the Fourteenth Amendment. *Atascadero,* 105 S.Ct. 3149 n. 4, 3150. The Act is thus subject most appropriately to an "abrogation" analysis. The Court of Appeals in *Atascadero,* by focusing on whether California had impliedly waived (or "consented") to federal jurisdiction, incorrectly suggested that the Rehabilitation Act was passed pursuant to the Spending Clause of the United States Constitution, Art. I, § 8, cl. 1. *Atascadero,* 105 S.Ct. at 3149 n. 5. The Supreme Court held that Eleventh Amendment immunity was inappropriate under either analysis. *Atascadero,* 105 S.Ct. at 3150.

**6.** A State's consent must not be illusory. As Justice Marshall stated in his concurrence in *Employees,* "[t]o suggest that the State had the choice of either ceasing operation of these vital public services or 'consenting' to federal suit suffices, I believe, to demonstrate that the State had no true choice at all and thereby that the State did not voluntarily consent to the exercise of federal jurisdiction in this case." 411 U.S. at 296.

**7.** It seems to me that this determination serves two purposes. First, whether Congress created a private cause of action and second, whether Congress created jurisdiction in the Federal Courts to hear the cases as to a class of defendants which includes the States. Obviously, a State by its unilateral waiver of its Eleventh Amendment immunity can neither create a cause of action nor confer jurisdiction in the Federal Courts.

acted the Federal Employers' Liability Act, it "conditioned the right to operate a railroad in interstate commerce upon amenability to suit in federal court").

▮ The Plaintiff in this case seeks relief under the Copyright Act of 1976, an act of Congress passed pursuant to the Copyright and Patent Clause of the United States Constitution, Art. I, § 8, cl. 8.[8] Congress does not have the power to abrogate the States' Eleventh Amendment immunity without their consent unless it acts pursuant to § 5 of the Fourteenth Amendment. *Atascadero,* 105 S.Ct. at 3145, *citing Fitzpatrick v. Bitzer,* 427 U.S. 445, 456, 96 S.Ct. 2666, 2671, 49 L.Ed.2d 614 (1976). Therefore, in my view, the issue in this case turns not on whether Congress has abrogated the States' immunity, but on whether Virginia has waived it. Because there is no evidence that Virginia has expressly waived its Eleventh Amendment

immunity, I shall address the question of implied waiver or consent.[9]

▮ As a preliminary matter, I hold that Radford University, a public university, is an "arm of the state" for purposes of the Eleventh Amendment. The Plaintiff admits in his complaint that Radford is an "instrumentality" of the Commonwealth of Virginia, Complaint at 1 (paragraph 4). Moreover, it is quite clear in Virginia that state colleges and universities constitute "arms of the state" for purposes of the Eleventh Amendment. *See, e.g., Jacobs v. College of William and Mary,* 495 F.Supp. 183, 189–91 (E.D.Va.1980), *aff'd.,* 661 F.2d 922 (4th Cir.1981), *cert. denied,* 454 U.S. 1033, 102 S.Ct. 572, 70 L.Ed.2d 477 (1981); *Johnson v. University of Virginia,* 606 F.Supp. 321, 322 (W.D.Va.1985). Therefore, Radford University enjoys whatever immunity the State enjoys.[10]

**8.** Under the Constitution's Copyright and Patent Clause, Congress has the power "[t]o promote the Progress of Science and useful Arts, by securing for limited Times to Authors and Inventors the exclusive Right to their respective Writings and Discoveries." Art. I, § 8, cl. 8.

**9.** I disagree with the Plaintiff's suggestion that this is an "abrogation" case, not a "waiver" case. The Plaintiff argues that the States have no sovereignty, and thus no immunity, when Congress acts pursuant to one of Article I's enumerated powers, such as the Copyright and Patent Clause. In support of his argument, he cites *Mills Music, Inc. v. Arizona,* 591 F.2d 1278, 1285 (9th Cir.1979) ("it is clear that the abrogation of a state's Eleventh Amendment immunity is inherent in the Copyright and Patent Clause and the Copyright Act"), and *Goldstein v. California,* 412 U.S. 546, 560, 93 S.Ct. 2303, 2312, 37 L.Ed.2d 163 (1973) ("when Congress grants an exclusive right or monopoly, its effects are pervasive; no citizen or State may escape its reach"). In my view, *Atascadero* and *Edelman* hold that Congress does not have the power to abrogate the States' Eleventh Amendment immunity without their consent unless it acts pursuant to § 5 of the Fourteenth Amendment. Moreover, I believe *Goldstein* is inapposite because it deals not with the issue of Eleventh Amendment immunity, but with the issue of federal preemption of the copyright field (*Goldstein* was decided before the Copyright Act of 1976 made it clear that the federal copyright law preempted state law, 17 U.S.C. § 301.) At issue in *Goldstein* was whether convictions under a California record and tape piracy statute were prohibited by the Copyright and Patent

Clause of the United States Constitution. *See supra* note 8. The Supreme Court upheld the convictions and the validity of the state statute, explaining that "under the Constitution, the States have *not* relinquished all power to grant to authors 'the exclusive Right to their respective Writings'." *Id.* at 560, 93 S.Ct. at 2311 (emphasis added). The Court reasoned that the States may provide copyright owners with additional protections, but may not diminish in any way their federally created rights.

**10.** Whether an institution is an arm of the state depends, in part, upon "the nature of the entity created by state law," *Mt. Healthy City School District Board of Education v. Doyle,* 429 U.S. 274, 280, 97 S.Ct. 568, 572, 50 L.Ed.2d 471 (1977), and upon "whether the entity thus created has power sufficiently distinct and independent from the state as not to be considered merely a part of the state or merely its 'alter ego'." *Jacobs v. College of William and Mary,* 495 F.Supp. 183, 189 (E.D.Va.1980), *aff'd,* 661 F.2d 922 (4th Cir.1981), *cert. denied,* 454 U.S. 1033, 102 S.Ct. 572, 70 L.Ed.2d 477 (1981). Courts also look at a number of other factors in determining whether an institution is an "arm of the state." *See, e.g., Jacobs,* 495 F.Supp. at 189; *Herer v. Burns,* 577 F.Supp. 762, 763 (W.D. Va.1984) (state mental hospital is an arm of the state for purposes of the Eleventh Amendment). One overriding factor under our facts is that any judgment rendered against Radford would be payable from the state treasury because state law provides that all of Radford's real and personal property is the property of the Commonwealth. *Va.Code* § 23–155.3.

Having determined that Radford University is an "arm of the state" for purposes of the Eleventh Amendment, I must now evaluate whether the Commonwealth of Virginia has impliedly waived its constitutional immunity. To do so, I must first determine whether Congress, in enacting the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.,* authorized suits against "a class of defendants which literally includes States."

Section 501(a) of the Copyright Act of 1976 provides that *"anyone* who violates any of the exclusive rights of the copyright owner.... is an infringer under the Copyright Act" (emphasis added). The Plaintiff argues that this provision of the Act evinces Congress' intent to include States within the class of defendants against which Congress has authorized suit.

In support of this position, Plaintiff cites two cases: *Johnson v. University of Virginia,* 606 F.Supp. 321 (W.D.Va.1985) (Michael, J.) (decided under the "anyone" language of the 1976 Copyright Act); and *Mills Music, Inc. v. Arizona,* 591 F.2d 1278 (9th Cir.1979) (decided under the "any person" language of the 1909 Copyright Act). In *Mills Music,* the United States Court of Appeals for the Ninth Circuit held that the language of the statute is "sweeping and without apparent limitation, suggesting that Congress intended to include states within the class of defendants." 591 F.2d at 1285. In *Johnson,* Judge Michael relied on *Mills Music* in holding that "the language of the 1976 Act ["anyone"] is at least as sweeping, and probably more sweeping, than the language of the 1909 Act ["any person"] in identifying the class of defendants subject to copyright infringement suits." 606 F.Supp. at 324.[11]

■ I agree with the Plaintiff that the Copyright Act's general authorization for suit against "anyone" is sufficiently broad to include the States. *See, e.g., Parden v. Terminal Railway,* 377 U.S. 184, 187–88, 84 S.Ct. 1207, 1210–11, 12 L.Ed.2d 233 (1964) (statute providing for liability for "every" common carrier applies to all railroads, whether state owned or privately owned).

■ On the other hand, I cannot find that the Commonwealth of Virginia has waived its Eleventh Amendment immunity because there has been no "unequivocal indication" that Virginia has consented to federal suit. *Atascadero,* 105 S.Ct. at 3145 n. 1. Before a State can be found to have impliedly waived its immunity, its intent to do so must clearly appear from the circumstances. It follows that in making this determination a State must have had a choice to act or not act—usually this is in the context of accepting or rejecting some benefit that a federal statute or program provides. When an act of Congress authorizes suit against a class of defendants which includes States and when it appears from the context of the federal statute granting the benefit that receipt of the benefit by the State is conditioned upon its surrender of its Eleventh Amendment immunity, the courts will find that the State's actions constituted a waiver of its immunity. Such was the situation in *Parden* and the Supreme Court held that by choosing to operate a railroad in interstate commerce the state of Alabama had voluntarily subjected itself to the Federal Employers' Liability Act and in so doing had impliedly waived its Eleventh Amendment immunity.

■ *Parden* is difficult to reconcile with some of the Court's later cases, such as *Edelman* and *Atascadero* which seem to evidence a greater reluctance on the part of the Court to find an implied waiver.[12]

---

**11.** Although Judge Michael in *Johnson* held that the Eleventh Amendment would not bar a damages award, no award was actually made because the alleged infringements took place more than three months before registration. 17 U.S.C. § 412(2). 606 F.Supp. at 324–25.

**12.** *See also, Welch v. State Department of Highways and Public Transportation,* 780 F.2d 1268

(5th Cir.1986) (en banc), in which the United States Court of Appeals for the Fifth Circuit, sitting en banc, held that Texas had not waived its immunity from suit in federal court under the Jones Act, 46 U.S.C. § 688. The Fifth Circuit found that the broad sweep of *Parden* had been limited by later decisions, in particular *Atascadero.*

One possible distinction between *Parden* and the latter cases is that the operation of a railroad is somewhat less of a traditional function of a State than is the administering of Social Security funds in *Edelman* and the participation in a program for the handicapped in *Atascadero*. Thus, in *Parden,* the Court more readily implied waiver because there was less compulsion for Alabama to choose to operate a railroad that there would have been had it been dealing with a more basic and fundamental function of the State.[13] The function of the Commonwealth of Virginia in operating Radford University, which per force requires almost daily decision-making with regard to matters governed by Acts of Congress, including the use of property rights created by the copyright law, is more akin to the choices offered in *Edelman* and *Atascadero* than the choice offered in *Parden*. Consequently, no waiver can be implied.

The Plaintiff argues, however, that Judge Michael's decision in *Johnson v. University of Virginia*, 606 F.Supp. 321 (W.D.Va.1985), is dispositive of the issue of Eleventh Amendment immunity under the Copyright Act of 1976. In my view, *John-*

*son* (decided March 27, 1985) would have been decided differently if the court had had available *Atascadero* (decided June 28, 1985) because *Atascadero* imposes a more stringent standard than had been used in the past by requiring courts to find an "unequivocal indication" of a State's consent to be sued in federal court.[14]

█ In regard to The Visitors of Radford University, the governing body of the University, *Va.Code* § 23–155.1 and § 23–155.7, it shall enjoy the same immunity as the University.

Whether Radford's Public Relations Director, Deborah Brown, is also entitled to immunity depends in part upon whether the Commonwealth of Virginia is the "real party in interest" in this action. The Eleventh Amendment prohibits suits against state officials when "the State is the real, substantial party in interest", *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 101, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984) *quoting Ford Motor Co. v. Department of Treasury of Indiana,* 323 U.S. 459, 464, 65 S.Ct. 347, 350, 89 L.Ed. 389 (1945), and a State is the real

---

**13.** In *Parden,* the Supreme Court explained that "when a State leaves the sphere that is exclusively its own and enters into activities subject to congressional regulation, it subjects itself to that regulation as fully as if it were a private person or corporation". 377 U.S. at 196, 84 S.Ct. at 1215. This distinction between "governmental" and "proprietary" functions, however, has been rejected as unworkable by the Supreme Court in the context of the Tenth Amendment. *Garcia v. San Antonio Metropolitan Transit Authority,* 469 U.S. 528, 105 S.Ct. 1005, 83 L.Ed.2d 1016 (1985). I assume that the distinction is also no longer valid in the context of the Eleventh Amendment. The only point being, the degree of compulsion that a State was under to furnish a particular service or to accept a given benefit is important. *See supra* note 6.

**14.** Besides *Johnson* and *Mills Music,* only three other courts have addressed the issue of the applicability of Eleventh Amendment immunity under the Copyright Act. *Woelffer v. Happy States of America, Inc.,* 626 F.Supp. 499 (N.D.Ill. 1985); *Mihalek Corp. v. Michigan,* 595 F.Supp. 903 (E.D.Mich.1984), *appeal docketed,* No. 85–1593 (6th Cir. July 23, 1985); *Wihtol v. Crow,* 309 F.2d 777 (8th Cir.1962). All three of these

courts held, in accord with my determination, that Eleventh Amendment immunity was appropriate under the Copyright Act. Insofar as *Wihtol* held that local school districts are "arms of the state" for purposes of the Eleventh Amendment, *Mt. Healthy City School District Board of Education v. Doyle,* 429 U.S. 274, 280–81 (1977), 97 S.Ct. 568, 572–73, 50 L.Ed.2d 471 (school districts are not "arms of the state" unless state law so provides), I agree with the Plaintiff that it may have been incorrectly decided. The Eleventh Amendment applies only to States and agencies and instrumentalities of the States, not to subdivisions such as municipalities and counties. *See Monell v. Department of Social Services,* 436 U.S. 658, 690 n. 54, 98 S.Ct. 2018, 2035 n. 54, 56 L.Ed.2d 611 (1978) (the Eleventh Amendment is no bar to the liability of cities and other municipalities); *Pennhurst State School and Hospital v. Halderman,* 465 U.S. 89, 123 n. 34, 104 S.Ct. 900, 920 n. 34, 79 L.Ed.2d 67 (1984) *citing, Lincoln County v. Luning,* 133 U.S. 529, 530, 10 S.Ct. 363, 33 L.Ed. 766 (1890) (the Eleventh Amendment is no bar to the liability of counties). In light of this, it is understandable when Nimmer states that *Mills Music* is the "better view." 3 M. Nimmer, *Nimmer on Copyright,* § 12.01[E] at 12–21 (1985).

party in interest when "the judgment sought would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be to restrain the Government from acting, or to compel it to act." *Pennhurst,* 465 U.S. at 101 n. 11, 104 S.Ct. at 908 n. 11, *quoting Dugan v. Rank,* 372 U.S. 609, 620, 83 S.Ct. 999, 1006, 10 L.Ed.2d 15 (1963).

■ Insofar as this action is directed against Brown in her official capacity, she is immune from liability based on the Eleventh Amendment. Because Brown may be *personally* liable for her alleged misconduct, however, she shall remain a defendant, at least temporarily, as to the copyright infringement claim. I shall refrain from ruling on Brown's motion for summary judgment, therefore, until counsel have had an opportunity to argue whether Brown acted in her individual capacity, and if so, what defenses may be available to her.[15]

The Plaintiff has moved to amend his complaint to state a claim against the Commonwealth of Virginia for an unlawful taking of property under the Fourteenth Amendment to the United States Constitution. I shall grant this motion and I invite counsel to submit briefs on the applicability of Eleventh Amendment immunity to this constitutional claim.

---

**15.** For the same reasons, I shall refrain from ruling on the Plaintiff's motion for summary judgment as it relates to Brown in her personal capacity. In addition, I need not rule on Plaintiff's motion for summary judgment as to Defendants Radford, the Board of Visitors, and Brown in her official capacity in light of my Eleventh Amendment ruling.