Antonio E. **AMADOR**, Plaintiff

v.

**McDONALD'S CORPORATION,**
**et al., Defendants.**

**Civil No. 07–1312 (JAG).**

United States District Court,
D. Puerto Rico.

Feb. 11, 2009.

404

Rafael E. Silva–Almeyda, Silva Almeyda Law Office, Rene Arrillaga–Armendariz, Arrillaga & Arrillaga Law Office, San Juan, PR, for Plaintiff.

Miriam Gonzalez–Olivencia, Miriam Gonzalez Olivencia Law Office, Guaynabo, PR, for Defendant.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Pending before the Court are the motions for summary judgment filed by Plaintiff Antonio Amador ("Plaintiff"), (Docket No. 53), and Defendant McDonald's System de Puerto Rico Inc. ("Defendant"). (Docket No. 54 and 56). Both Motions were referred to a Magistrate Judge for a Report and Recommendation. (Docket No. 79). The Magistrate Judge recommended that the motions be granted in part and denied in part. (Docket No. 90). For the Reasons set forth below, this Court adopts in part and rejects in part the Magistrate Judge's Report and Recommendation. (Docket No. 90).

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff specializes in photographing the Puerto Rico landscape. (Docket No. 52, Exh. C, ¶ 2). As part of its decoration, a McDonald's restaurant located in Luis Muñoz Marín International Airport (the "LMMIA") displayed from 2001 through October 2006, the blown up version of two (2) photographs taken by Plaintiff. (Docket No. 55, Exh. VIII, ¶ 11). One of the photos was titled "Cruise Ships in Old San Juan Bay" and the other was titled "Plaza Las Delicia, Ponce." (Docket No. 60, McDonald's Corporation Statement of Uncontested Material Facts, ¶ 6–23).[1] The blown up photographs, which did not contain Plaintiff's name, (Docket No. 52, Exh. F, ¶ 29), and were visible to anyone who entered the McDonald's restaurant during its hours of operation.[2] (Docket No. 77, Exh. E, ¶ 19). Both photos were displayed without Plaintiff's authorization, (Docket No. 52, Exh. C, ¶ 10), as Plaintiff only gave an oral license to Mark Derth to use the photographs for a calendar. (Docket No. 84, Exh. IV, p. 14).

In 2006, Plaintiff discovered and saw for the first time his two photographs publicly exhibited at the McDonald's restaurant. (Docket No. 52, Exh. C, ¶ 8). Thereafter, Plaintiff filed the present complaint against Defendant. According to Plaintiff, Defendant's acts constituted copyright infringement under the Copyright Act of 1976, as amended, 17 U.S.C. § 101, et seq. (the "Copyright Act"). Plaintiff also claimed that Defendant morally violated his rights and reputation under the Visual Artists Rights Act of 1990 ("VARA"), 17

---

1. Plaintiff voluntarily dismissed his claims against McDonald's Corporation. (Docket Nos. 82, 88 and 89). Nonetheless, the just mentioned uncontested fact was taken from McDonald's Corporation Statement of Uncontested Material Facts as it is relevant to the case at hand.

2. The McDonald's Restaurant at LMMIA was not open twenty-four (24) hours a day. None of the photographs were visible while the restaurant was closed. (Docket No. 77, Exh. E, ¶ 19).

U.S.C. § 101 et. seq., and the Puerto Rico Intellectual Property Law, P.R. Laws Ann. tit. 31 § 1401, et seq. Additionally, Plaintiff proffered a claim under the Lanham Trademark Act ("Lanham Act"), 15 U.S.C. § 1125(a) in which he alleged that Defendant entered into unfair competition with him because the exhibition of the photographs unreasonably restrained his ability to compete and to sell his photographs in a fair market condition. Further, Plaintiff included claims for tort and unjust enrichment under Puerto Rico law. Finally, plaintiff argued that he should be awarded copyright statutory damages, actual damages, alleged illegal profits received by Defendant, and costs and attorney's fees. (Docket No. 21).

Both parties in this case moved for summary judgment. Plaintiff's motion for summary judgment evolves around the same claims he submitted in his complaint. Namely, the use, without authorization or consent, of his two (2) photographs at the McDonald's facilities inside the LMMIA. In its motion for summary judgment, Defendant does not contest the use of the two (2) photographs at the LMMIA location. Defendant avers that Plaintiff granted a license to distribute the photographs to third parties and, as such, is barred from claiming copyright infringement. Moreover, Defendant alleges that Plaintiff cannot claim moral damages under Puerto Rico laws because he did not register the photographs at the Puerto Rico Intellectual Property Registry. Furthermore, Defendant contends that statutory damages nor attorney's fees may be claimed since Plaintiff registered the photographs with the Copyright Office after the alleged acts of infringement and more than 7½ years after publication. Additionally, Defendant alleges that Plaintiff's unjust enrichment claim is preempted by the Copyright Act. According to Defendant, Plaintiff is also barred from claiming false designation of origin or unfair competition under the

Lanham Act. Finally, Defendant claims that any tort claim is time barred and is also preempted by the Copyright Act. (Docket Nos. 53, 54, and 56). After the respective replies were filed, (Docket Nos. 68 and 78), both motions for summary judgment were referred to a Magistrate Judge for a Report and Recommendation. (Docket No. 79).

On December 5, 2008, the Magistrate Judge issued her Report and Recommendation. The Magistrate Judge recommended that both motions be granted in part and denied in part. Specifically, the Magistrate Judge recommended that Defendant be found liable under the Copyright Act. Second, the Magistrate Judge did not recommend the dismissal of Plaintiff's claim for statutory damages and attorney's fees. According to the Magistrate Judge, it would not be appropriate at the summary judgment stage to dispose of Plaintiff's request for statutory damages and attorney's fees. However, the Magistrate Judge failed to determine whether Plaintiff was entitled to statutory damages and attorney's fees as a matter of law. Third, the Magistrate Judge recommended that Plaintiff's claims under the Lanham act be dismissed. Fourth, the Magistrate Judge concluded that Plaintiff was barred from claiming infringement of moral rights under the Puerto Rico Intellectual Property Law because Plaintiff never registered the photographs with the Puerto Rico Intellectual Property Registry. (Docket No. 90). However, the Report and Recommendation failed to address Defendant's request to dismiss Plaintiff's state law tort and unjust enrichment claims.

On December 18, 2008, Plaintiff filed his objections to the Report and Recommendation. Plaintiff claims that he is entitled to statutory damages and attorney's fees as a matter of law. Additionally, Plaintiff requests that this Court find that Defen-

dant is liable for moral right infringement under VARA.[3] (Docket No. 92). On December 22, 2008, Defendant objected to the Report and Recommendation. Defendant alleges that as a matter of law, Plaintiff cannot claim statutory damages and attorney's fees. Moreover, Defendant contends that Plaintiff's state law tort claim should be dismissed because it is preempted by the Copyright Act. (Docket No. 93).

## STANDARD OF REVIEW

### 1. *Summary Judgment Standard*

"Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law based on the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits." *Thompson v. Coca–Cola Co.*, 522 F.3d 168, 175 (1st Cir.2008) (citing Fed. R.Civ.P. 56(c)). The issue is "genuine" if it can be resolved in favor of either party. *Calero–Cerezo v. U.S. Dep't of Justice*, 355 F.3d 6, 19 (1st Cir.2004). A fact is "material" if it has the potential to change the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). "In prospecting for genuine issues of material fact, we resolve all conflicts and draw all reasonable inferences in the nonmovant's favor." *Vineberg v. Bissonnette*, 548 F.3d 50, 56 (1st Cir. 2008).

■ Although this perspective is favorable to the nonmovant, once a properly supported motion has been presented before this Court, the opposing party has the burden of demonstrating that a trial-wor-

thy issue exists that would warrant this Court's denial of the motion for summary judgment. *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505. The opposing party must demonstrate "through submissions of evidentiary quality, that a trialworthy issue persists." *Iverson v. City of Boston*, 452 F.3d 94, 98 (1st Cir.2006) (internal citations omitted). Moreover, on issues "where [the opposing] party bears the burden of proof, it 'must present definite, competent evidence' from which a reasonable jury could find in its favor." *United States v. Union Bank for Sav. & Inv. (Jordan)*, 487 F.3d 8, 17 (1st Cir.2007) (citing *United States v. One Parcel of Real Property*, 960 F.2d 200, 204 (1st Cir.1992)). Hence, summary judgment may be appropriate, if the non-moving party's case rests merely upon "conclusory allegations, improbable inferences, and unsupported speculation." *Forestier Fradera v. Municipality of Mayaguez*, 440 F.3d 17, 21 (1st Cir.2006) (citing *Benoit v. Technical Mfg. Corp.*, 331 F.3d 166, 173 (1st Cir. 2003)). It is important to note that throughout this process, this Court cannot make credibility determinations, weigh the evidence, and make legitimate inferences from the facts as they are jury functions, not those of a judge. *Anderson*, 477 U.S. at 255, 106 S.Ct. 2505.

### 2. *Standard for Reviewing a Magistrate–Judge's Report and Recommendation*

Pursuant to 28 U.S.C. §§ 636(b)(1)(B); Fed.R.Civ.P. 72(b); and Local Rule 503; a district court may refer dispositive motions to a United States Magistrate Judge for a Report and Recommendation. *See Alamo Rodriguez v. Pfizer Pharmaceuticals, Inc.*, 286 F.Supp.2d 144, 146 (D.P.R.2003). The adversely affected party may "contest the Magistrate Judge's report and recommen-

---

**3.** Plaintiff made no VARA allegation in his  motion for summary judgment.

dation by filing objections 'within ten days of being served' with a copy of the order." *United States of America v. Mercado Pagan,* 286 F.Supp.2d 231, 233 (D.P.R.2003) (citing 28 U.S.C. §§ 636(b)(1)). If objections are timely filed, the District Judge shall "make a *de novo* determination of those portions of the report or specified findings or recommendation to which [an] objection is made." *Rivera de Leon v. Maxon Eng'g Servs.,* 283 F.Supp.2d 550, 555 (D.P.R.2003). A district court can "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate," however, if the affected party fails to timely file objections, the district court can assume that they have agreed to the Magistrate Judge's recommendation. *Alamo Rodriguez,* 286 F.Supp.2d at 146 (citing *Templeman v. Chris Craft Corp.,* 770 F.2d 245, 247 (1st Cir.1985)).

## DISCUSSION

After reviewing the parties' objections and the Report and Recommendation issued by the Magistrate Judge, this Court finds that four issues need to be addressed. This Court must address whether Plaintiff's state law tort claim is preempted by the Copyright Act. Further, this Court must determine whether Plaintiff's unjust enrichment claim is preempted by the Copyright Act as argued by Defendant in its motion for summary judgment. The Magistrate Judge failed to address this issue in her Report and Recommendation. Moreover, this Court must determine whether Plaintiff has adequately moved for summary judgment on his VARA claim even though he made this request for the first time in his objection to the Report and Recommendation. Finally, this Court must determine whether Plaintiff is entitled to statutory damages and attorney's fees as a matter of law. This Court will first address whether Plaintiff's state law tort and unjust enrichment claims are preempted by the Copyright Act.

### 1. *Preemption of State Law Claims*

Section 301(a) of the Copyright Act preempts any state cause of action which is equivalent to a federal copyright infringement claim.[4] *Data Gen. Corp. v. Grumman Sys. Support Corp.,* 36 F.3d 1147, 1164 (1st Cir.1994). "To avoid preemption, 'a cause of action defined by state law must incorporate elements beyond those necessary to prove copyright infringement, and must regulate conduct qualitatively different from the conduct governed by federal copyright law.'" *Guedes v. Martinez,* 131 F.Supp.2d 272, 279 (D.P.R.2001) (internal citations omitted). "If a state cause of action requires an extra element, beyond mere copying, preparation of derivative works, performance, distribution or display, then the state cause of action is qualitatively different from, and not subsumed within, a copyright infringement claim and federal law will not preempt the state action." *Data Gen.,* 36 F.3d at 1164 (internal citations omitted). However, "[n]ot every 'extra element' of a state claim will establish a qualitative variance between the rights protected by federal copyright law and those protected by state law." *Id.*

This Court has noted that unjust enrichment claims relating to the use of copyright material are generally preempted because the theory of unjust enrichment protects rights that are essentially equivalent to those protected under the Copy-

---

**4.** Section 301(a) states in pertinent part that "all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright . . . are governed exclusively by this title [and] no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State." 17 U.S.C. § 301.

right Act. *Guedes,* 131 F.Supp.2d at 280 (internal citations omitted). Furthermore, this Court has previously held that a Puerto Rico law unjust enrichment claim that is based on the same conduct alleged to violate the Copyright Act is equivalent in substance to a copyright infringement claim and, therefore, preempted by the Copyright Act. *Id.*

◼ In the case at bar, Plaintiff's unjust enrichment claim is based on the same conduct alleged to violate the Copyright Act. Namely, Plaintiff's unjust enrichment claim is based on the unauthorized use of his photos at the McDonald's in the LMMIA. Likewise, Plaintiff's tort claim is based on the same factual predicate. Further, Plaintiff's Puerto Rico law unjust enrichment and tort claims do not contain any elements beyond those necessary to prove his copyright infringement claim. Neither of the state causes of action are qualitatively different from Plaintiff's copyright infringement claim. Therefore, both claims are preempted by the Copyright Act. Accordingly, Plaintiff's Puerto Rico law unjust enrichment and tort claims are dismissed.

### 2. *Plaintiff's VARA Claim*

◼ Plaintiff argues that summary judgment should be entered in his favor as to his VARA claim. However, this argument was never presented to the Magistrate Judge and a party may not raise an issue before the district court that it neglected to raise before the Magistrate Judge. *Paterson–Leitch Co. v. Massachusetts Municipal Wholesale Elec. Co.,* 840 F.2d 985, 990–991 (1st Cir.1988) (holding categorically that a "party is not entitled as of right to *de novo* review by the judge

of an argument never seasonably raised before the magistrate"). Accordingly, this Court declines to entertain Plaintiff's request under VARA.

### 3. *Statutory Damages and Attorney's Fees*

◼ In his objection, Plaintiff argues that he is entitled to statutory damages and attorney's fees as a matter of law. Defendant opposes said request. A copyright owner may elect to recover statutory damages instead of actual damages and any additional profits. 17 U.S.C. § 504. Moreover, this Court may award attorney's fees to the prevailing party. 17 U.S.C. §§ 505. However, in order to recover statutory damages and attorney's fees, the copyrighted work must have been registered prior to commencement of the infringement, unless the registration is made within three months after first publication of the work. 17 U.S.C. § 412(2).[5]

◼◼ Section 412 was designed to promote two things. First, "by denying an award of statutory damages and attorney's fees where infringement takes place before registration, Congress sought to provide copyright owners with an incentive to register their copyrights promptly." *Derek Andrew, Inc. v. Poof Apparel Corp.,* 528 F.3d 696, 700 (9th Cir.2008) (citing H.R.Rep. No. 94–1476, at 158 (1976), as reprinted in 1976 U.S.C.C.A.N. 5659, 5774). Second, section 412 encourages the potential infringer to check the Copyright Office's database. *Id.; Johnson v. Jones,* 149 F.3d 494, 505 (6th Cir.1998). Section 412 is designed to ensure that statutory damages and attorney's fees are reserved for infringers who had constructive notice

---

**5.** Section 412(2) states in pertinent part that no award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work. 17 U.S.C. § 412(2).

that the work was covered by a valid copyright, which is presumed upon registration. *Johnson,* 149 F.3d at 505. Accordingly, section 412's two purposes would be defeated if statutory damages and attorney's fees were allowed when an infringing act occurs before registration and then reoccurs thereafter. *Derek Andrew, Inc.,* 528 F.3d at 700; *Johnson,* 149 F.3d at 505. Thus, for purposes of Section 412(2), a continued infringement commences when the first act in a series of ongoing infringements of the same kind occurs. *Derek Andrew,* 528 F.3d at 701; *Johnson,* 149 F.3d at 506.

In this case, it is undisputed that "Plaza Las Delicia, Ponce" was first published on January 1, 2003 and that "Cruise Ships in Old San Juan Bay" was first published on January 1, 1999. Further, it is clear that the copyright registration for "Plaza Las Delicia, Ponce" and "Cruise Ships in Old San Juan Bay" occurred on November 15, 2004 and On August 30, 2006 respectively. (Docket No. 55, Exhs. IV and V). Here, the registration was not made within three months after the first publication of the photographs. Therefore, Plaintiff could only be entitled to statutory damages if this Court finds that the photographs were registered prior to commencement of the infringement.

Defendant stresses that the copyright infringement in this case commenced when the photographs were first displayed at McDonald's in 2001. According to Defendant, Plaintiff may not obtain statutory damages and attorney's fees because the photographs were not registered before the infringement commenced. On the other hand, Plaintiff argues that since the photographs were only visible while the restaurant was open, each day the restaurant opened a new infringement occurred. Accordingly, Plaintiff avers that it is not barred from requesting statutory damages

and attorney's fees. This Court disagrees with Plaintiff's argument.

In the present case, Defendant engaged in ongoing infringement which commended in 2001 when Plaintiff's two (2) photos were first published in the McDonald's at LMMIA. *See, e.g., Derek Andrew, Inc. v. Poof Apparel Corp.,* 528 F.3d 696, 701 (9th Cir.2008) (finding that a defendant engaged in ongoing infringement which commenced when the defendant first distributed garments with the infringing hand tag). The fact that the photos were not visible when the restaurant was closed does not create a separate and distinct infringement every time the restaurant opens. *See, e.g., id.* (holding that the mere fact that the infringing hand tag was attached to new garments made and distributed after the registration date does not transform those distributions into separate infringements for purposes of Section 412(2)); *Mason v. Montgomery Data, Inc.,* 967 F.2d 135, 144 (5th Cir.1992) (concluding "that a plaintiff may not recover an award of statutory damages and attorney's fees for infringements that commenced after registration if the same defendant commenced an infringement of the same work prior to registration"); *Ez–Tixz, Inc. v. Hit–Tix, Inc.,* 919 F.Supp. 728, 736 (S.D.N.Y.1996) (finding that each sale of an infringing ticket after the copyright's registration was a not a separate act of infringement for purposes of Section 412(2) because it was a continuation of the infringement that commenced prior to registration); *Parfums Givenchy v. C & C Beauty Sales,* 832 F.Supp. 1378, 1393–1395 (C.D.Cal.1993) (rejecting argument that, because the defendant had imported and distributed the infringing product on several distinct occasions, each act of importing the product constituted a separate and distinct act of infringement); *Johnson v. Univ. of Va.,* 606 F.Supp. 321, 325 (W.D.Va.1985) (rejecting argument that each time a photo-

graph was copied, a separate copyright infringement was commenced). Defendant's ongoing infringement commenced in 2001 and on that date, neither of Plaintiff's photos were registered. Therefore, had Defendant checked the Copyright Office's database when it first began its infringing activity in 2001, it would have discovered that Plaintiff's photos were not registered. Hence, properly applying section 412's incentive structure to the case at hand leads this Court to find that Plaintiff should not receive statutory damages and attorney's fees because he did not satisfy the requirement of prompt registration. Accordingly, as a matter of law, Plaintiff is not entitled to statutory damages and attorney's fees under Sections 504 and 505.

## CONCLUSION

For the reasons stated above, the Court hereby **ADOPTS** in part and **REJECTS** in part the Magistrate Judge's Report and Recommendation. (Docket No. 90). The pending motions for summary judgment, (Docket Nos. 53, 54 and 56), are **GRANTED** in part and **DENIED** in part. Specifically, this Court holds that: (1) Defendant is liable under the Copyright Act; (2) Plaintiff as a matter of law is not entitled to statutory damages and attorney's fees; (3) Plaintiff's claims under the Lanham act are hereby dismissed; (4) Plaintiff is barred from claiming infringement of moral rights under the Puerto Rico Intellectual Property Law; (5) Plaintiff's state law tort and unjust enrichment claims are preempted by the Copyright Act and, therefore, shall be dismissed; and (6) Plaintiff's VARA claim will not be entertained.

IT IS SO ORDERED.